UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELODY DANIEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | CASE NO. 1:04-cv-2089-DFH-WTL |

ENTRY ON ATTORNEY FEE APPLICATION

Plaintiff Melody Daniel has moved for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Her total request, including time devoted to the reply brief in support of the fee application, is for $4,771.24. The defendant Commissioner of Social Security argues that no fee should be awarded because her position was, in the terms of the EAJA, "substantially justified." The Commissioner has not challenged the reasonableness of the amount of the fee request. As explained below, the court finds that the Commissioner's position in this case was not substantially justified and therefore awards plaintiff fees and costs totaling $4,771.24.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including

> proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In general, to be eligible for a fee award under this provision, four elements must be satisfied:  (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.  Ms. Daniel is a "prevailing party" for purposes of the EAJA.  See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).  The only issue the Commissioner has raised is whether her position was "substantially justified."

The Commissioner has the burden of proving that her position was substantially justified.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006; *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action.  *Golembiewski*,

382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position could not have been substantially justified for purposes of the EAJA. See, *e.g., Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See *id.*

The Seventh Circuit's decisions in *Cunningham* and *Golembiewski* provide a good illustration of when the Commissioner's position is and is not substantially justified. In *Golembiewski*, the district court had remanded the denial of disability insurance benefits but had denied the plaintiff's petition for fees under the EAJA. The Seventh Circuit reversed, finding that the district court had abused its discretion in denying the fee petition. 382 F.3d at 725. The Seventh Circuit found that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and violated the Commissioner's own rulings and regulations. *Id.* at 724. Also, the ALJ had failed to address credibility and had failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain. *Id.* The ALJ had also mischaracterized and ignored significant medical evidence. The Seventh Circuit noted that it had not rejected any arguments by the plaintiff on appeal and had not adopted any position argued by the Commissioner in defending the ALJ's decision. *Id.* at 725. Also, the Commissioner had tried to defend the ALJ's decision based on reasoning that the ALJ had not provided, contrary to well established law. *Id.*

By comparison, in *Cunningham*, the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski*. In *Cunningham*, the remand had resulted from an ALJ decision that did not explain the reasoning as carefully and thoroughly as necessary. "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis." *Cunningham*, 440 F.3d at 865.

Such failures may require remand on the merits, but do not make it an abuse of discretion for the district court to deny fees under the EAJA. In general, then, if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Discussion*

This case is closer to *Golembiewski* than to *Cunningham*, and the court finds that the Commissioner's position in this litigation was not substantially justified. In the decision on the merits, this court identified five errors by the ALJ. The ALJ failed to explain adequately the (meager) evidence he relied upon relating to Daniel's daily living and why he thought it was inconsistent with her claim of disability, especially as it related to restrictions on her ability to use her left hand and arm. Relating to the same subject, the ALJ mischaracterized the evidence relating to plaintiff's hobbies, treating that evidence as if she were much more active than she actually testified. The ALJ also failed to recognize the significance of Daniel's long history of aggressive treatment for her pain. See *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (ordering remand for similar reason). The ALJ also failed to explain why his residual functional capacity finding did not include limitations related to Daniel's cervical spine, for which there was ample and objective evidence of impairment. The ALJ also appeared to have simply

ignored consistent objective medical evidence of Daniel's leg swelling, which was highly relevant to the issue of residual functional capacity.

This collection of errors persuades the court not only that remand was required but that the Commissioner's position was not substantially justified. This was not a close case on the merits. If the ALJ had made only one or two of these errors, then the case would be closer to *Cunningham* and the issue under the EAJA would be close. With the number and seriousness of these errors, however, the case is closer to *Golembiewski*, and an award of fees under the EAJA is at least appropriate, if not mandatory. Accordingly, the court grants plaintiff Daniel's application for an attorney fee. The Commissioner has not raised any questions about the amount of the request, and the court finds the request for $4,771.24 to be reasonable. A separate judgment awarding that amount shall issue.

So ordered.

Date: November 16, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

J. Frank Hanley, II
lawoffices@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov